UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NED P. OSBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-00161-CAN |
| | ) | |
| CONSOLIDATED RAIL | ) | |
| CORPORATION; *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER & OPINION**

On March 21, 2005, Plaintiff filed a complaint pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et. seq (2000). On September 8, 2005, Defendants filed a motion to compel, requesting that this Court order Plaintiff to produce documents he received from Henry Peyton. On October 4, 2005, this Court held an in-court hearing on this motion. Attorney Harrigan appeared for Plaintiff and Attorney Starkweather appeared for Defendant. For the following reasons, Defendants' motion [Doc. No. 22] is **GRANTED**.

**I.    RELEVANT BACKGROUND**

Plaintiff began working for Defendants in 1965 and retired in 2002. In 1995, Plaintiff claims a co-worker approached him and told him that Peyton, an attorney from West Virginia, wanted to represent a group of railroad workers with hearing difficulties. Although Plaintiff had no intention of seeking legal representation for a hearing loss claim, he allowed his friend to give his name to Peyton so his friend could pursue a claim.

Thereafter, Peyton solicited Plaintiff as a client for purposes of asserting a hearing loss claim. Peyton sent correspondence and other materials to induce Plaintiff to retain Peyton's services. However, Plaintiff did not want to assert a claim at that time, and, therefore, he never

retained, consulted with, or sought representation from Peyton.  In October 1995, Peyton advised Defendants that Plaintiff was making a hearing loss claim against them.  Plaintiff never spoke with Peyton and was unaware that Peyton notified Defendants that Plaintiff was making a claim until after October 1995.  Peyton withdrew the claim in February 1997.

On March 21, 2005, Plaintiff, through his new counsel, commenced this lawsuit against the Defendants under FELA.  Plaintiff now claims that exposure to loud noises during his employment has impaired his hearing.  Defendants served a subpoena upon Peyton seeking production of records regarding the 1995 hearing loss claim asserted against Defendants.  Peyton sent copies of the materials he had regarding Plaintiff's 1995 claim to Plaintiff's current attorney.

Plaintiff's counsel, however, refuses to produce the records, asserting that these materials are protected by the attorney-client privilege.  On September 8, 2005, Defendants filed a motion to compel, requesting that this court compel Plaintiff to produce the materials Peyton provided to Plaintiff's counsel.  This Court held an in-court hearing on Defendants' motion on October 4, 2005, and may rule on Defendants' motion pursuant to the parties consent and 28 U.S.C. § 636(c).

## II.   LEGAL STANDARDS

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26 (b)(1).  For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s]

2

that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

Fed. R. Evid. 501 states:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

### III.   DEFENDANTS' MOTION TO COMPEL

Defendants filed a motion to compel on September 8, 2005, requesting this Court to compel Plaintiff to produce the materials Peyton provided to counsel.  The parties disagree as to whether state or federal law provides the law of privilege.  According to Rule 501, federal

3

common law supplies the rule of law for claims arising under federal law.  Because this claim is brought under FELA, a federal statute, federal common law supplies the rule of law.

Under federal common law, an attorney-client privilege applies in the following situations:

> Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.

U.S. v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997).  The party invoking the privilege has the burden of proving all of the elements.  Id.  However, because the privilege has the effect of withholding relevant information, courts construe the privilege to apply only where necessary to achieve its purpose.  U.S. v. BDO Seidman, 337 F.3d 802, 811 (7th Cir. 2003).

Applying the federal common law to this case, Plaintiff has failed to establish that an attorney-client relationship ever existed.  Plaintiff stated in his deposition that he never contacted Peyton nor did he intend for an attorney-client relationship to exist.   Peyton's communications with Plaintiff were merely solicitation attempts.  Plaintiff never sought legal advice from Peyton nor confided in him.  As a result, the communications are not protected by the federal attorney-client privilege.

Furthermore, even if Indiana state law did apply, this Court concludes that no attorney-client privilege existed.  Plaintiff cites to Corll v. Edward D. Jones & Co., 646 N.E.2d 721, 724 (Ind. Ct. App.1995).  Corll is easily distinguishable form the present situation.  In Corll, the plaintiffs took the active step of going to an informational meeting with an attorney and inquiring about the possibility of a lawsuit.  However, unlike Corll, Plaintiff was passive in his interaction with Peyton.  Peyton solicited Plaintiff rather than Plaintiff taking action to have

4

Peyton represent him. At no point did Peyton provide Plaintiff with legal advice. Thus, <u>Corll</u> is factually distinguishable, and this Court finds that at no point did Plaintiff intend or take action to create an attorney-client relationship. Consequently, there is no attorney-client privilege between Plaintiff and Peyton. Because the communications between Plaintiff and Peyton may be relevant, Defendants' motion to compel is **GRANTED.** Plaintiff shall provide the requested material to Defendants by **November 11, 2005**.

### V.    CONCLUSION

For the aforementioned reasons, Defendants' motion to compel [Doc. No. 22] is **GRANTED**. Plaintiff shall provide the requested material to Defendants by **November 11, 2005**.

**SO ORDERED.**

Dated this 13th Day of October, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
