UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NED P. OSBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-161 CAN |
| ) | |
| CONSOLIDATED RAIL ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

On March 21, 2005, Plaintiff filed this Federal Employers' Liability Act claim against Defendants. Plaintiff alleges that he suffers from a hearing impairment due to Defendants' negligence. On November 10, 2005, Defendants filed a motion for summary judgment asserting that Plaintiff failed to file his action within the applicable statute of limitations. On December 5, 2005, Plaintiff filed a motion to strike an affidavit submitted by Defendants, and on December 6, 2005, Defendants filed a motion to strike portions of Plaintiff's affidavit. This Court now enters its order and opinion on all pending motions.

**I.   PRELIMINARY MATTERS**

Plaintiff and Defendants have filed motions to strike affidavits. In granting summary judgment, this Court may consider any evidence that would be admissible at trial. Stinnett v. Iron Works Gym/Executive Health SPA, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The evidence need not be admissible in form, but it must be admissible in content. Id. Affidavits in support of summary judgment must be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

      A.      <u>Plaintiff's Motion to Strike</u>

In support of their motion for summary judgment, Defendants submitted the affidavit of Sally Huffman, a former legal secretary to Attorney Harvey Peyton, to illustrate that Plaintiff was aware of his hearing loss as early as 1995. In her affidavit, Ms. Huffman testifies about notes that she created in 1995. Plaintiff seeks to strike Ms. Huffman's affidavit asserting that the affidavit is not made on personal knowledge, nor is Ms. Huffman qualified to testify about some of the contents. Although a large portion of Ms. Huffman's affidavit uses words such as "appears" and "probably," Ms. Huffman is relying on her personal knowledge about what the notes reveal. Those notes, which were taken contemporaneously with the event, are being used to refresh Ms. Huffman's recollection. As Ms. Huffman is able to verify her handwriting, with the aid of her notes, she is able to testify with personal knowledge as to the events which occurred ten years ago.

Furthermore, Plaintiff asserts that Ms. Huffman is not competent to testify as to audiograms because Ms. Huffman admits she is no longer able to read hearing tests. However, Ms. Huffman does not attempt to interpret an audiogram in her affidavit. She merely states that according to her notes, in 1995 her office received an audiogram. As this is within Ms. Huffman's personal knowledge, she is competent to testify on these matters. Consequently, Plaintiff's motion to strike [Doc. No. 36] is **DENIED**.

      B.      <u>Defendants' Motion to Strike</u>

2

Defendants seek to strike three lines from Plaintiff's affidavit.  Defendants assert that the statements either contradict previous deposition testimony or are legal conclusions.  A plaintiff cannot create an issue of material fact merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition.  Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 533 (7th Cir. 1999).  Thus, when a conflict arises between a plaintiff's own sworn deposition and his sworn affidavit, the deposition testimony overrides statements made in the affidavit.  Id.

A review of Plaintiff's affidavit reveals two sentences that are inconsistent with his deposition testimony. In paragraph five of Plaintiff's affidavit, he states "I was never informed that there was ever anything wrong with my hearing."  However, in Plaintiff's deposition, he stated that Defendant Conrail notified him that he was a little hard of hearing.  (Osborn dep. pgs. 50-51).  Plaintiff alleges that his affidavit is consistent with his deposition testimony that he "blew-off" his hearing loss to old age.  While his reaction to the letter may have been to ignore it, Plaintiff's affidavit asserts that he was never informed there was anything wrong with his hearing.

Furthermore, in paragraph seven, Plaintiff states "I had not become consciously aware of my hearing loss until I began to observe definite symptoms referable to traumatic injury following my retirement in December of 2002."  However, in his deposition, Plaintiff testified that he first began noticing his hearing loss when there was background noise before he retired.  These are the same symptoms Plaintiff complains of today.  Plaintiff also stated that he might have noticed some hearing loss before 2001.  (Osborn Dep. pgs. 90-93).  Again, Plaintiff's

affidavit appears inconsistent with his deposition testimony, as Plaintiff admits to having experienced the same symptoms he now complains of even before his retirement.

Although Seventh Circuit precedent requires that Plaintiff's deposition testimony override Plaintiff's inconsistent affidavit testimony, it does not appear that precedent requires this Court to strike Plaintiff's affidavit.  Rather, this Court may simply disregard the inconsistent statements in the affidavit without striking otherwise admissible evidence.

In addition, in paragraph fifteen, Plaintiff asserts "my hearing problems were not of the sort which would put a reasonable person on notice that I had suffered a cognizable work-related injury to my hearing prior to my retirement from the railroad."  Defendants contend that this is a legal conclusion.  This Court agrees.  What a reasonable person would have known in Plaintiff's situation is a question for the court to decide.  While Plaintiff may not testify as to what a reasonable person would have done, this Court may simply disregard this statement rather than striking it.  As a result, Defendants' motion to strike three sentences from Plaintiff's affidavit [Doc. No. 40] is **DENIED**.  However, in accordance with Seventh Circuit precedent, this Court will disregard the statements when reciting the material facts.

## II.     RELEVANT BACKGROUND

The facts most favorable to Plaintiff are that Plaintiff worked as a railroad brakeman conductor for over thirty-eight years.  He began his railroad employment with the Pennsylvania Railroad in 1965. From 1968 to 1976 Plaintiff worked for Penn Central Railroad.  Between 1976 and June of 1999, he was employed by Consolidated Rail Corp. (Conrail).  In July of 1999, Osborn became employed by CSX Transportation (CSXT), where he worked until his retirement in December of 2002.

Over the course of his employment, Plaintiff alleges that he was exposed to loud noises. While employed with Defendants, hearing protection was made available to Plaintiff, which Plaintiff wore. (Osborn Dep. pgs. 37-38). When Plaintiff worked for Penn Central, Conrail, and CSXT, during the years 1976-2002, Plaintiff complained to the trainmasters about the noise levels. (See Def. Exh. C, D, and E). In addition, Conrail also required employees to undergo periodic hearing tests. Plaintiff recalls receiving a letter from Conrail, although he is unable to remember the specific language of the letter, which stated that a routine hearing test showed that he was a little hard of hearing. (Osborn Dep. pgs. 50-51). Plaintiff attributed this hearing loss to old age.

In 1995, a co-worker approached Plaintiff and told Plaintiff that an attorney, Harvey Petyon, was interested in representing individuals with hearing loss claims against the railroad. Although Plaintiff allowed his co-worker to give his name to Mr. Peyton, Plaintiff did not believe he had a hearing loss claim at that time. Plaintiff contends that he only allowed his co-worker to give Mr. Peyton his name so Mr. Peyton would represent the co-worker. While Mr. Peyton never spoke directly to Plaintiff, Ms. Sally Huffman, a secretary in Mr. Peyton's firm, recalls sending letters and talking to Plaintiff on the phone regarding his potential hearing loss claim. However, Plaintiff never employed Mr. Peyton to represent him. Mr. Petyon eventually dropped Plaintiff's claim against the railroad.

Plaintiff cannot recall the first time he realized he was having difficulties hearing, but believes it may have been before 2001. (Osborn Dep. pgs. 90-93). Plaintiff is able to hear a conversation when there is no background noise. If Plaintiff is in a restaurant or in a situation where there are a number of people talking, he cannot understand what is being said. Although

these problems are the same problems Plaintiff experienced before his retirement, his symptoms have become more noticeable since his retirement.

On March 21, 2005, Plaintiff filed his complaint alleging occupational related hearing loss caused by Defendants' negligence in violation of the Federal Employers' Liability Act. Plaintiff contends that until a few months before he filed his complaint, he had thought his hearing loss was due to old age. It was not until September 2, 2005, five months after Plaintiff filed his complaint, that a medical professional diagnosed Plaintiff with hearing loss attributable to his job.

On November 10, 2005, Defendants filed a motion for summary judgment, alleging that Plaintiff had failed to file his complaint within the applicable statute of limitations. This Court may rule on the pending motions pursuant to the parties' consent and 28 U.S.C. § 636(c).

### III.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to

show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

### IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### A. Applicable Law

No action may be maintained under the Federal Employers' Liability Act "unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. When the specific date of injury cannot be determined because an injury results from continual exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when the injury manifests itself. Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1094 (7th Cir. 1990). A cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause. Id. at 1095. Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause. Id. Once a plaintiff is in possession of the critical facts of both the injury and the governing cause of that injury, the action accrues even though he may be unaware that a legal wrong has occurred. Id. Moreover, the injured plaintiff need not be certain which cause, if many are possible, is the governing cause, but only need know or have reason to know

7

of a potential cause. This rule imposes on injured plaintiffs an affirmative duty to investigate the potential cause of his injury. Tolston v. AMTRAK, 102 F.3d 863, 865 (7th Cir. 1996); Id.

  B. Analysis

As Plaintiff filed his complaint on March 21, 2005, under FELA, if Plaintiff's cause of action accrued before March 21, 2002, Plaintiff's claim is barred by the statue of limitations. Under Seventh Circuit precedent, this Court must examine whether a reasonable person knew or in the exercise of due diligence should have know of both the existence of the injury and the cause of the injury before March 21, 2002.

    1. Plaintiff knew of the presence of his injury before March 21, 2002

Plaintiff's own testimony establishes Plaintiff was at least aware that his hearing was declining before March 21, 2002. Plaintiff acknowledges in his deposition that Conrail sent him a letter after a routine hearing test which indicated that he was hard of hearing. This notification alone would have put Plaintiff on notice that he was experiencing hearing loss. As Plaintiff worked for Conrail from 1976 to 1999, Plaintiff's testimony establishes that he was aware of his hearing loss by 1999 at the latest.

Furthermore, Plaintiff testified in his deposition that he had noticed that his hearing was diminishing before he retired. In fact, Plaintiff stated that he may have noticed some loss of hearing as early as 2001, even though he attributed the hearing loss to old age. Although Plaintiff now claims that he is more aware of his hearing loss since retiring and that his hearing is worse, these facts are not material to determining when a Plaintiff should have been on notice of an injury. All that is required for notice is that Plaintiff was aware that he was beginning to

lose his hearing.  Because Plaintiff's own testimony establishes that he knew of his hearing loss before March 21, 2002, he had notice of his injury prior to that date.

> 2. <u>Plaintiff should have known of the cause of his injury before March 21, 2002</u>

The next inquiry this Court must make is whether a reasonable person would have known, or in the exercise of due diligence, should have known of the cause of the injury.  Plaintiff asserts that he was not diagnosed with job-related hearing loss until September 2, 2005, and that prior to this time, he attributed his hearing loss to old-age.  Plaintiff's analysis however, is not in accordance with Seventh Circuit precedent.  Under existing case law, when the Plaintiff actually knew of the cause of injury, or even when a medical professional diagnosed Plaintiff's injury, is not the test.  Rather, this Court must determine when a reasonable person should have known of the cause of the injury.

Because the Plaintiff was experiencing symptoms of an injury, the Seventh Circuit precedent requires the Plaintiff to investigate the cause of his injury.  <u>Tolston</u>, 102 F.3d at 865; <u>Fries</u>, 909 F.2d at 1096.  In light of what the Plaintiff knew, a reasonable person exercising due diligence would have concluded that Plaintiff's hearing loss was job related.  First, Plaintiff admits to complaining to the trainmasters at Penn Central, Conrail, and CSXT about the noise levels.  In <u>Taylor v. Grand Trunk W. R.R.</u>, 1997 U.S. Dist. LEXIS 15397 (N.D. Ill. 1997) the court found that the plaintiff was aware that his exposure to excessive noise around the railroad might be a cause of his hearing loss when Plaintiff had complained to his supervisors about the level of the noise.  While not binding, this case is persuasive to show that a reasonable person who complains about the level of noise is on notice that excessive noise may lead to hearing loss.

Additionally, not only did Plaintiff complain about the noise levels, but in 1995, Plaintiff became aware that his co-workers were using an attorney, Mr. Peyton, to file claims against the railroad for their hearing loss.  Plaintiff asserts that he never spoke to Mr. Peyton and that he allowed his name to be given to Mr. Peyton only as an accommodation for a friend.  However, even if Plaintiff never talked to Mr. Peyton, there is sufficient evidence to show that Plaintiff talked to Mr. Peyton's assistant who, at the very least, spoke with Plaintiff about the case against the railroad.  Furthermore, Plaintiff, by allowing his co-worker to turn over his name to Mr. Peyton, would have been put on notice that others were filing claims against the railroad for their hearing loss even if Plaintiff never talked to anyone from Mr. Peyton's office.  Therefore, because Plaintiff was aware in 1995 that co-workers were complaining of hearing loss due to excessive noise, a reasonable person, exercising due diligence, would similarly have recognized that his hearing loss may be job related when he first noticed his symptoms.

Plaintiff maintains that he attributed his hearing loss to old age.  However, certainty of the cause is not required. "A plaintiff need not be sure which cause is predominant, as long as she knows or has reason to know of a potential cause." Tolston, 102 F.3d at 865.  Thus, while old age could have been a factor in his hearing loss, given the above factors, a reasonable person exercising due diligence would have a least suspected that the excessive job related noise was a possible factor.  Because the Plaintiff had an affirmative duty to investigate the cause of his injury, the court concludes that the Plaintiff should have known before March 21, 2002, that his hearing loss could have been job related.

Because the Plaintiff knew of his injury and should have known of its cause before March 21, 2002, the Plaintiff has failed to establish that his claim was brought within the three

10

year time limitation.  Thus, as Plaintiff's claim is barred by the statute of limitations, Defendants' motion for summary judgment is granted.

**V.    CONCLUSION**

For the aforementioned reasons, Plaintiff's motion to strike [Doc. No. 36] is **DENIED** and Defendants' motion to strike [Doc. No. 40] is **DENIED**.  Defendants' motion for summary judgment [Doc. No. 33] is **GRANTED** with judgment to be entered in favor of the Defendants and against the Plaintiff.

**SO ORDERED.**

Dated this 4th Day of January, 2006.

                                                s/Christopher A. Nuechterlein
                                                Christopher A. Nuechterlein
                                                United States Magistrate Judge