UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NED OSBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-161 CAN |
| | ) | |
| CONSOLIDATED RAIL | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

On January 4, 2006, this Court entered an order granting Defendants' motion for summary judgment and directing that judgment be entered in favor of Defendants and against Plaintiff. On January 17, 2006, Plaintiff filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). For the aforementioned reasons, Plaintiff's motion [Doc. No. 47] is **DENIED**.

**I.    RELEVANT BACKGROUND**

The relevant facts of this case are more fully laid out in this Court's January 4, 2006 order. This Court, therefore, will not recite the in-depth facts that gave rise to this case. All that is necessary for the purposes of this motion is that on March 21, 2005, Plaintiff filed a claim against Defendants alleging that Plaintiff suffered occupational related hearing loss caused by Defendants' negligence in violation of the Federal Employers' Liability Act ("FELA"). The undisputed facts illustrated that Plaintiff, a retired railroad worker, was aware as early as 2001 that he was experiencing some hearing loss, although Plaintiff attributed the hearing loss to old age. In addition, the undisputed facts illustrated that Plaintiff was aware in 1995 that his co-

workers were filing hearing loss claims against Defendants and that Plaintiff had complained to the trainmasters about the noise levels.

On November 10, 2005, Defendants filed a motion for summary judgment asserting that Plaintiff had failed to bring his claim within the applicable two year statute of limitations as required by FELA. On January 4, 2006, this Court granted Defendants' motion for summary judgment finding that there were no genuine issues of material fact and that Defendants were entitled to judgment as a matter of law. On January 17, 2006, Plaintiff filed a motion to alter the judgment.[1] Plaintiff asserts that this Court erroneously relied almost entirely upon Tolston v. AMTRAK, 102 F.3d 863, 865 (7th Cir. 1996). In addition, Plaintiff asserts that whether or not he was justified in his subjective belief that his hearing loss was caused by old age is a question that the jury should be allowed to determine. This Court may rule on Plaintiff's motion pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II.   APPLICABLE LAW AND ANALYSIS

Rule 59(e) permits a court to entertain a motion to alter or amend a judgment. A claimant can invoke the rule to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. Russell v. Delco Remy, 51 F.3d 746, 749 (7th Cir. 1995). The rule essentially enables a court to correct its own errors. Id.; Martin v. City of Indianapolis, 28 F. Supp. 2d 1098, 1101 (S. D. Ind. 1998).

---

[1] Looking strictly at the timing of Plaintiff's motion, it may appear that Plaintiff's motion is untimely. However, the tenth day after the judgment was entered was on a Sunday, which gave Plaintiff until Monday to file his motion. However, Monday, January 16, 2006, was a legal holiday. Thus, in accordance with Fed. R. Civ. P. 6, Plaintiff had until January 17, 2006, to file his motion.

Plaintiff contends that this Court relied almost solely upon Tolston in deciding to grant summary judgment.  Plaintiff asserts that this was erroneous because the facts in this case are significantly different from the facts in Tolston because the plaintiff in that case suffered one distinct physical trauma.  While the facts in the two cases may not be identical, Tolston does provide the relevant standard of law which applies to this case.  The facts of the cases need not be identical as long as they are similar enough for the rule of law to apply.  Therefore, this Court's reliance on Tolston was not erroneous.

In addition, Plaintiff fails to acknowledge that this Court also relied upon other cases in which the facts are similar to those presented here.  First of all, this Court relied upon Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1094 (7th Cir. 1990) for the applicable law which states that an objective inquiry must be taken as to when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause.  Likewise, Taylor v. Grand Trunk W. R.R., 1997 U.S. Dist. LEXIS 15397 (N.D. Ill. 1997) provided persuasive authority to suggest that when one complains to the trainmaster about noise levels, he should be on notice of the possible consequences of exposure to excessive noise.

Plaintiff asserts that it was his good faith belief that his hearing loss was the result of his advancing years.  Plaintiff then contends that "whether or not he was justified in that belief is a jury question which should be resolved by a fair trial before a jury on the merits."  However, as supported by the authorities cited in this Court's January 4, 2006 order, whether Plaintiff's subjective belief of the cause of his hearing loss was justified is not the appropriate inquiry.  Rather, the appropriate inquiry is "when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." Fries, 909

F.2d at 1095.  Thus, this Court was required to make an objective inquiry into what a reasonable person knew or should have known, and not what Plaintiff objectively thought.

In his reply, Plaintiff asserts that <u>Fries</u> is not applicable.  Specifically, Plaintiff states that "at no place in <u>Fries</u> does the Court say that the statute of limitations begins to run against a railway worker when he merely suspects that his employment may be a possible cause of his hearing acuity reduction."  However, <u>Tolston</u> suggests a similar proposition in that "a plaintiff need not be sure which cause is predominant, as long as she knows or has reason to know of a potential cause." <u>Tolston</u>, 102 F.3d at 865.  Furthermore, <u>Tolston</u> places an affirmative duty on a plaintiff to investigate the cause of his hearing loss.  <u>Id.</u>

Plaintiff's baldly asserts that "the Seventh Amendment to the Constitution of the United States guarantees trial by jury."  However, in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) the Supreme Court made it clear that the plain language of Fed. R. Civ. P. 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.  Based upon the relevant standard of law, the undisputed facts in this case illustrate that there was not a genuine issue of material fact that a reasonable person should have known of both the injury and the governing cause before March 21, 2002.  As a result, Plaintiff's motion to alter the judgment must be denied.

### III.   CONCLUSION

For the aforementioned reasons, Plaintiff's motion to alter the judgment [Doc. No. 47] is **DENIED**.

4

**SO ORDERED.**

    Dated this 9th Day of February, 2006.

                                                 s/Christopher A. Nuechterlein  
                                                 Christopher A. Nuechterlein  
                                                 United States Magistrate Judge